UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MSP RECOVERY CLAIMS SERIES 44, LLC,

        Plaintiff,

        v.                                    Case No. 22-C-1238

IDS PROPERTY CASUALTY INSURANCE COMPANY,

        Defendant.

---

## DECISION AND ORDER

---

This case arises under the Medicare Secondary Payer Act, which provides that Medicare is the secondary payer for medical costs incurred by Medicare beneficiaries that are covered by other insurance policies or plans. 42 U.S.C. § 1395y(b)(1)(A)(i). The Act requires insurers to reimburse Medicare for conditional payments Medicare has made for medical costs for which the insurers bear primary responsibility. 42 U.S.C. § 1395y(b)(2)(B)(ii). Plaintiff MSP Recovery Claims Series 44, LLC (MSP) alleges that it took an assignment of all rights and claims to recover against Defendant IDS Property Casualty Insurance Company (IDS) for reimbursement of conditional payments that IDS allegedly owes under the Medicare Secondary Payer Act. In its amended complaint, MSP makes a claim for reimbursement as well as a claim for equitable accounting and declaratory relief. The court has jurisdiction over this matter under 28 U.S.C. § 1331. Presently before the court is IDS's motion to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, IDS's motion to dismiss will be denied.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this court over the subject matter related in the complaint. Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of

establishing that the jurisdictional requirements have been met. *Schaefer v. Transp. Media, Inc.*, 859 F.2d 1251, 1253 (7th Cir. 1988). The proponent of federal jurisdiction must "prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022). Rule 8 requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion for Rule 12(b)(6) dismissal, a complaint must contain factual allegations that "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (to state a claim, a plaintiff may not "merely parrot the statutory language of the claims that [he is] pleading"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (internal citations and quotations marks omitted).

### ALLEGATIONS CONTAINED IN THE AMENDED COMPLAINT

In 1980, Congress passed the Medicare Secondary Payer Act to address rising medical entitlement costs. Am. Compl. ¶ 1, Dkt. No. 14. The Act transformed Medicare "from the entity that always foots the bill into a safety net for the medical expenses of beneficiaries who also were covered by private plans and insurers." *Id.* The Act provides for a private cause of action that

allows persons and private entities to recover secondary payments made by Medicare and Medicare Advantage Organizations (MAOs). *Id.* ¶¶ 2–3.

MSP is a Delaware series limited liability company with its principal place of business in Florida. *Id.* ¶ 8. Under Delaware law, a Series LLC operates similarly to, but not the same as, a corporation and its subsidiaries. *Id.* ¶ 9. MSP is the master LLC, and each individual "Series" entity forms a part of MSP, which owns and controls each individual "Designated Series" entity. *Id.* MSP established various Designated Series in order to maintain various claims recovery assignments separate from other company assets and to account for and associate certain assets with certain series. *Id.* ¶ 10. MSP may receive assignments directly to it from third party MAOs and further associate such assignments with a particular Series, or have an MAO's claims assigned directly to a particular Designated Series. *Id.* ¶ 13. Under MSP's limited liability agreement, MSP may initiate and maintain legal proceedings on behalf of its Designated Series entities individually or collectively. *Id.* ¶ 14. MSP Recovery Claims Series 44-20-583 (Series 44) is a Designated Series entity of MSP with its principal place of business in Florida. *Id.* ¶ 16. Series 44's Certificate of Designation, dated October 22, 2020, provides that MSP may assert the same rights as, and may sue on behalf of, Series 44. *Id.*

IDS is a property and casualty insurer, with its place of incorporation and principal place of business in Wisconsin, that issues liability and no-fault policies. *Id.* ¶ 21. IDS collects premiums in exchange for taking on the risk that its insureds will be injured, and IDS is contractually obligated to pay for its insured's accident-related medical care. *Id.* ¶ 5. IDS also collects premiums in exchange for taking on the risk that its insureds will injure someone else, in which case IDS is required to indemnify its insureds, typically through a settlement agreement that releases the third-party claimant's claim for accident-related medical care. *Id.* IDS falls under the Medicare Secondary Payer Act's definition of a "primary plan," which includes "an automobile or

3

liability insurance policy or plan (including a self-insured plan) or no-fault insurance." *Id.* ¶ 6 (citing 42 U.S.C. § 1395y(b)(2)(A)(ii)). As a primary plan, IDS is required to: (1) notify the secondary payer (whether it be Medicare or an MAO) of IDS's primary payer status and (2) repay that secondary payer within 60 days. *Id.* (citing 42 U.S.C. §§ 1395y(b)(2)(B)(ii), 1395w-22(a)(4)).

In addition, when an insurer, like IDS, receives a claim for accident-related insurance benefits, the Act requires the insurer to "determine whether a claimant . . . is entitled to [Medicare] benefits." *Id.* ¶ 18 (citing 42 U.S.C. § 1395y(b)(8)(A)(i)). If the claimant is a Medicare-eligible beneficiary, the insurer must provide a report to the Centers for Medicare & Medicaid Services (CMS) pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 at a time "after the claim is resolved through a settlement, judgment, award, or other payment (regardless of whether or not there is a determination or admission of liability)." *Id.* (citing 42 U.S.C. § 1395y(b)(8)(C)). By submitting a Section 111 report to CMS, an insurer admits that it made a payment to a Medical-eligible beneficiary for the purpose of resolving the beneficiary's accident-related claim for medical benefits. *Id.* ¶ 18. MSP alleges that, by making the payment to the beneficiary, the insurer demonstrates that it is the "primary plan" for the claimant and therefore must reimburse Medicare for any conditional payments Medicare made relating to the beneficiary's accident. *Id.* ¶ 19. MSP alleges that it uncovers Medicare Secondary Payer Act noncompliance by cross-referencing unreimbursed, accident-related conditional payments in listed assignors' claims data with instances where insurers filed a Section 111 report with CMS stating that they were responsible for the accidents. *Id.* ¶ 25.

MSP's claims in this lawsuit stem from its assignment agreement with Health Alliance Medical Plans, Inc. (HEAL). *Id.* ¶ 29. On March 19, 2019, HEAL assigned all of its rights and claims to recovery for payments made on behalf of its enrollees to MSP. *Id.* Thereafter, MSP assigned its rights acquired under the HEAL-to-MSP assignment to MSP Recovery Claims, Series

4

17-03-583, which subsequently assigned those rights to Series 44. *Id.* ¶¶ 32–33. MSP seeks recovery only for claims HEAL assigned to MSP, through its Designated Series (Series 44). *Id.* ¶ 35.

MSP alleges that, on October 20, 2018, J.M. was enrolled in a Medicare Advantage Plan issued by HEAL, an MAO and MSP's Designated Series assignor in this action. *Id.* ¶ 39. On October 20, 2018, J.M. was injured in an accident and those injuries required medical items and services. *Id.* ¶ 40. At the time of the accident, J.M.'s accident-related medical costs and expenses were covered under a no-fault policy issued by IDS under policy number AI01731184. *Id.* ¶ 41. By virtue of its no-fault policy, IDS was contractually obligated to pay and provide primary coverage for J.M.'s accident-related medical expenses. *Id.*

MSP attached a list of J.M.'s diagnosis codes and injuries in connection with J.M.'s accident-related treatment to the amended complaint. *Id.* ¶ 42 (citing Ex. B, Diagnosis Codes, Dkt. No. 14-2). The codes are standard medical industry codes, which correspond to specific treatments and procedures; they are well known to IDS and can be searched online. *Id.* J.M.'s accident-related medical services were rendered on October 20 and 26, 2018. *Id.* ¶ 43. The medical providers billed and charged HEAL $456.88 for J.M.'s accident-related medical expenses, of which HEAL paid $189.78. *Id.* (citing Diagnosis Codes at 2). At the time HEAL executed its assignment agreement in favor of Series 44, HEAL's right to seek reimbursement for J.M.'s accident-related treatment was never assigned to and/or pursued by other recovery vendors. *Id.* HEAL held all recovery rights to J.M.'s accident-related treatment and conveyed them to MSP. *Id.* HEAL did not retain the recovery right to J.M.'s claim. *Id.*

IDS issued a Section 111 report to CMS regarding the accident, the name of the reporting entity, and the type of insurance policy involved, and admitted its primary payer status related to payment and/or reimbursement of J.M.'s accident-related medical expenses. *Id.* ¶ 45 (citing

5

Reporting Data at 2–4). Despite reporting that it was a primary payer and the admission that it should have paid for J.M.'s accident-related injuries, IDS failed to remit and/or reimburse such payments or arrange for another party to reimburse HEAL. *Id.* ¶ 47. No party has reimbursed HEAL for the conditional payment it advanced for items and services received by J.M. as a result of the accident. *Id.* MSP identifies and seeks reimbursement only for treatments and services, conditionally paid for by HEAL, related to the same accidents IDS recognizes in its Section 111 reports. *Id.* ¶ 48.

## ANALYSIS

### A. Reimbursement Claim

MSP asserts that IDS failed to make or arrange appropriate and timely reimbursement of conditional payments for beneficiaries' accident-related medical expenses in violation of the Medicare Secondary Payer Act. IDS argues that MSP lacks standing to assert its claim. Article III of the United States Constitution limits the jurisdiction of federal courts to actual "cases" or "controversies" brought by litigants who demonstrate standing. To establish Article III standing, the plaintiff must show that (1) it suffered an "injury in fact," which is a concrete, particularized, and actual or imminent invasion of a largely protected interest; (2) a fairly traceable causal connection between the injury and the conduct complained of; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

As an initial matter, IDS argues that MSP has failed to establish that it has standing to bring this case because MSP has not plausibly alleged that it has been assigned the right to assert a reimbursement claim in this action. IDS asserts that MSP's failure to adequately allege the terms of the assignments or attach the assignments to the amended complaint makes it impossible to determine what was assigned to MSP. But in this case, the amended complaint alleges that HEAL

6

assigned its claims to MSP either through the original HEAL Assignment or a later data transfer. *Id.* ¶ 35. It reiterates that MSP "is only in possession of the claims data for each beneficiary identified in this lawsuit because HEAL," the "sole owner" of each claim it assigned to MSP, provided the data to MSP as part of the assignments. *Id.* The amended complaint also alleges that J.M.'s accident-related medical costs were covered by IDS's no-fault policy and that IDS failed to reimburse HEAL for those costs. *Id.* ¶¶ 41, 47. MSP alleges that, as a result, it is "entitled to collect double damages against IDS for its failure to reimburse, or otherwise arrange for reimbursement of, HEAL's conditional payment for J.M.'s accident-related medical expenses." *Id.* ¶ 53. Accepting the allegations in the amended complaint as true and drawing all reasonable inferences in favor of MSP, as is required at this stage, MSP has adequately alleged that its reimbursement claim falls within the scope of the assignment from HEAL.

IDS also argues that MSP lacks standing to assert its claim because it has not alleged an injury-in-fact. "Because the cause of action here is a statutory claim for the collection of unreimbursed payments, [the plaintiff's] injury has to be the existence of an unreimbursed payment—a concrete right to collect from [the defendant]—not the mere existence of an assignment to collect *potentially* unreimbursed payments." *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869, 874–75 (7th Cir. 2021). IDS asserts that MSP's amended complaint does not identify an "illustrative beneficiary" for whom HEAL incurred accident-related medical costs that were not reimbursed by IDS under the Medicare Secondary Payer Act.

In the amended complaint, MSP alleges, "On October 20, 2018, J.M. was injured in an accident. As a direct and proximate result of the accident, J.M. sustained injuries that required medical items and services." Am. Compl. ¶ 40. MSP alleges that J.M.'s accident-related medical services were rendered on October 20, 2018 and October 26, 2018. *Id.* ¶ 43. It asserts that the medical providers billed and charged HEAL $456.88 for J.M.'s accident-related medical expenses,

7

of which HEAL paid $189.78.  *Id.*  MSP claims that, although J.M. was enrolled in a Medicare Advantage Plan issued by HEAL, MSP's assignor, J.M.'s accident-related medical costs and expenses were covered under a no-fault policy issued by IDS and that, by virtue of the no-fault policy, IDS was contractually obligated to pay and provide primary coverage for J.M.'s accident-related medical expenses.  *Id.* ¶¶ 39, 41.  It contends that IDS was aware of its responsibility to reimburse HEAL by virtue of IDS issuing a Section 111 report to CMS regarding the accident, the name of the reporting entity, and the type of insurance policy involved and admitting its primary payer status related to payment and/or reimbursement of J.M.'s accident-related medical expenses.  *Id.* ¶¶ 45–46.  MSP alleges that despite acknowledging that IDS was responsible for reimbursing HEAL, IDS failed to remit and/or reimburse HEAL for such payments.  *Id.* ¶ 47.  As a result, MSP seeks reimbursement for those services conditionally paid by HEAL.  *Id.* ¶ 48.  Again, construing all allegations in MSP's favor, the court is satisfied that MSP has alleged the existence of an injury-in-fact through an unreimbursed payment and "a concrete right to collect" from IDS.  *See MAO-MSO Recovery II, LLC*, 994 F.3d at 874–75.

Finally, IDS argues that MSP's reimbursement claim is barred by the statute of limitations.  The statute of limitations is an affirmative defense, and IDS bears the burden of establishing that it has run.  *See Chatman v. Bd. of Educ. of City of Chicago*, 5 F.4th 738, 745 (7th Cir. 2021).  In this case, the parties dispute the applicable statute of limitations and when the claim accrued.  The court declines to resolve the parties' dispute regarding the statute of limitations at this stage.  IDS may raise this issue again on summary judgment after the parties have developed the record.  In sum, the court denies IDS' motion to dismiss as to MSP's reimbursement claim.

## B. Declaratory Relief and Equitable Accounting Claim

IDS argues that the court should dismiss MSP's claim for declaratory relief and equitable accounting because MSP does not adequately plead its need for an accounting.  "Accounting is a

8

claim in equity available when a plaintiff needs to compel an accounting of his money or property held by a defendant." *Action Rentals Holdings, LLC v. Wacker Neuson Am. Corp.*, No. 22-CV-777, 2023 WL 156278, at *2 (E.D. Wis. Jan. 11, 2023) (citation omitted). An accounting is proper only when there exists "no adequate remedy at law." *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962). In other words, an equitable accounting is warranted only when "the accounts between the parties are of such a complicated nature that only a court of equity can satisfactorily unravel them." *Id.* Though an equitable accounting may ultimately be unavailable to MSP, the court concludes that it is premature to decide whether dismissal of the claim would be appropriate at this stage without the benefit of discovery. Again, IDS may reassert the issue on summary judgment on a more fully developed record.

## CONCLUSION

For the foregoing reasons, IDS's motion to dismiss (Dkt. No. 16) is **DENIED**. The Motion for Leave, Dkt. No. 28, is **GRANTED**. The Clerk is directed to detach and efile Dkt. No. 28-1 and set the matter on the court's calendar for a Rule 16 telephonic scheduling conference.

**SO ORDERED** at Green Bay, Wisconsin this 29th day of September, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge